UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIMEONE INSURANCE CO.,

    Plaintiff,

Case No. 18-cv-13768
Hon. Matthew F. Leitman

v.

STOP N SHOP PETRO MART, INC.,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE (ECF #5)

On December 5, 2018, Plaintiff PrimeOne Insurance Company filed this declaratory judgment action against Defendant Stop N Shop Petro Mart, Inc. (*See* Compl., ECF #1.) This is an insurance coverage dispute that arises out of a shooting by one of Stop N Shop's employees. (*See id.*)

On February 4, 2019, PrimeOne filed an *ex parte* motion in which it requests that the Court allow it to serve Stop N Shop through alternative service. (*See* Mot., ECF #5.) In PrimeOne's motion, it explains that it first attempted to serve PrimeOne by mailing a copy of the Complaint to Stop N Shop's registered agent, Rami A. Jaber, by certified mail, return receipt requested, delivery restricted to Mr. Jaber.[1]

---

[1] According to Michigan's Department of Licensing and Regulatory Affairs, Rami A. Jaber is also Stop N Shop's President and is a director of the corporation. *See* https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSummary.aspx?ID=800746621, accessed February 7, 2019.

1

(*See id.* at Pg. ID 149-50.) That attempted service failed because an individual who is not Rami A. Jaber accepted and signed for that delivery. (*See id.*) PrimeOne then says that it tried to serve Rami A. Jaber with the Complaint through personal service "on four separate occasions between December 19, 2018 and January 2, 2019 at [Stop N Shop's] registered office address," but "no one answered the door" during any of those attempts. (*Id.* at Pg. ID 150; *see also* Affidavit of PrimeOne's process server, ECF #5-1.)

PrimeOne now seeks the Court's permission to effectuate service on Stop N Shop by "by mailing, via first-class mail, the Summons and Complaint to [Mr. Jaber] at [Stop N Shop's] registered business office at 6915 Fairwood Dr., Dearborn Heights, MI 48127 and also posting a copy of [this order] and the Summons and Complaint on the door of [Stop N Shop's] registered business office." (*Id.* at Pg. ID 154.)

Federal Rule of Civil Procedure 4(h)(1) provides in relevant part that "a domestic or foreign corporation … must be served ... in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." In turn, Federal Rule of

Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made."

Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

> 1. delivering a summons and a copy of the complaint to the defendant personally; or
>
> 2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A)(1)-(2).

Michigan Court Rule 2.105(I) further provides that substituted service may be appropriate under some circumstances:

> 1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

3. Service of process may not be made under this subrule before entry of the court's order permitting it.

M.C.R. 2.105(I).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

Here, the Court concludes that the PrimeOne's motion, supported by the affidavit of its process server, satisfies the requirements for substituted service under MCR 2.105(I) and Michigan law. As described above, PrimeOne first attempted to serve Rami A. Jaber, Stop N Shop's registered agent and President, by certified mail with delivery restricted to Mr. Jaber, but someone other than Mr. Jaber accepted delivery of that mailing. In addition, PrimeOne's process server attempted to personally serve Mr. Jaber at Stop N Shop's registered office address on four separate occasions but nobody answered the door. Moreover, according to

4

Michigan's Department of Licensing and Regulatory Affair's online filing system, all of Stop N Shop's officers and directors have the same address as the registered address of Stop N Shop – the same location where PrimeOne's process server unsuccessfully tried to serve Mr. Jaber.[2]  Thus, because nobody answered the door at the address listed for all of Stop N Shop's officers and directors, even if PrimeOne had attempted to serve the Complaint on a different officer of Stop N Shop, it does not appear such service would have been successful.  The Court therefore concludes that PrimeOne has acted with diligence in its attempt to serve Stop N Shop.  Finally, the ways in which PrimeOne requests to serve Stop N Shop through alternative service, when considered collectively, appear "reasonably calculated to give [Stop N Shop] actual notice of the proceedings and an opportunity to be heard." M.C.R. 2.105(I).

Accordingly, for all the reasons stated above, PrimeOne's *ex parte* motion for alternative service (ECF #5) is **GRANTED** as follows: PrimeOne shall serve Stop N Shop with a copy of (1) a summons, (2) the Complaint, and (3) this order by the three following methods:

---

[2] *See* https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSummary.aspx?ID= 800746621, accessed February 7, 2019.

- Mailing the summons, Complaint, and this order to Mr. Jaber, Stop N Shop's registered agent and President, at Stop N Shop's registered business office via First-Class Mail; and

- Posting a copy of the summons, Complaint, and this order on the door of Stop N Shop's registered business office.

PrimeOne shall also file a Certificate of Service with the Court after it serves Stop N Shop as directed in this Order.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 7, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764